UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LORA SPANN                                                          PLAINTIFF

V.                                              Civil No. 1:16-cv-00232-GHD-DAS

UNITED PARCEL SERVICE, INC.                                         DEFENDANT

**MEMORANDUM OPINION**

Now before this Court is Defendant United Parcel Service, Inc's ("UPS") Motion for Summary Judgment [60]. Having considered the matter, the Court finds the motion should be granted.

**Background**

Since 1991, Plaintiff Lora Spann has been a part time employee of UPS at its Columbus Customer Center. Spann, an African American, claims that over the years, UPS has passed her over for full-time employment and pay raises because of her race. On May 2nd, 2016, Spann filed a charge of discrimination with the EEOC, and on December 20, 2016, she filed her complaint in this cause, alleging that UPS racially discriminated against her in the course of her employment in violation of Title VII and 42 U.S.C. § 1981.[1] She alleges that UPS routinely promoted less qualified white employees to full-time positions for which she was qualified and provided less qualified white employees with pay raises that she did not receive. Compl. [1] at 2. Spann further alleges that UPS retaliated against her for complaining about the discrimination. Id. at 3.

UPS now moves for summary judgment. Spann has responded, and the matter is now ripe for review.

---

[1] Spann checked both the "race" and "sex" boxes in her discrimination charge. EEOC Charge [60-2] at 1. Her complaint, however, does not mention sex discrimination as a cause of action, and Spann stated in her deposition that she was only pursuing race discrimination claims. Compl. [1] at 3; Spann Dep. [60-1] at 68–70. Accordingly, the Court considers Spann's claims in this suit to be only race discrimination claims.

1

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with

conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

Race discrimination claims brought under Title VII and § 1981 require the same proof to establish liability. *See Criner v. Tex.-N.M. Power Co.*, 470 F. App'x. 364, 370 n. 3 (5th Cir. 2012) (citing *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 422 n. 1 (5th Cir. 2000)). Therefore, both Spann's Title VII and § 1981 claims can be analyzed under the Title VII framework. Courts employ the *McDonnell Douglas* burden-shifting framework where the plaintiff's claims of discrimination are based upon circumstantial evidence, as they are here. *See McCoy v. City of Shreveport, La.*, 492 F.3d 551, 556 (5th Cir. 2007). First, Spann must establish a prima facie case of discrimination. *See Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). If Spann has done so, UPS bears the burden of setting forth a legitimate, non-discriminatory reason for its decision. *See id.* If UPS does so, the presumption of discrimination or retaliation disappears, and Spann must demonstrate a genuine dispute of material fact as to whether UPS's reasons are actually a pretext for discrimination or retaliation. *See id.* (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)).

UPS argues that Spann cannot establish a prima facie case of race discrimination for any of her claims, and that even if she could, she cannot offer evidence that UPS's legitimate, nondiscriminatory explanations are pretextual.

Although Spann nominally filed a "response" in opposition to UPS's motion, its substance is woefully lacking. It is only three pages in length, contains no citations to either the law or the factual record, and fails to respond to hardly any of the arguments presented by UPS. Although

3

the response refers to a list of exhibits that Spann contends support her position, the plaintiff apparently could not bother to attach them to her motion so that the Court may consider them.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . . Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir. 1992) (citing *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)). As the Court will explain, UPS has met its initial burden in showing that Spann cannot establish a prima facie case for any of her discrimination claims.[2] Because Spann did not appropriately respond, she cannot rebut that showing to create issues of fact and defeat summary judgment.

### 1. Failure to Promote

In her deposition, Spann identified four individuals and five promotions upon which she bases her claim: (1) Bryan McLaughlin, a white male who was promoted to a sales position; (2) Andrew Jernigan, a white male who was promoted to an engineering position; (3) David Hubner, a white male who was promoted to a systems specialist position; and (4) Becky Swords, a white

---

[2] UPS also argues that Spann did not file her EEOC charge within 180 days of the alleged discriminatory acts, and, therefore, she has failed to exhaust her administrative remedies with respect to her Title VII claims. The Fifth Circuit has recently resolved intra-circuit confusion concerning whether Title VII's administrative exhaustion requirement is jurisdictional, holding that it is not. *Davis v. Fort Bend Cty.*, ___ F.3d ___, 2018 WL 3041132, at *4 (5th Cir. June 20, 2018). Rather, it is "an affirmative defense." *Id.* at *6. Since it is an affirmative defense, this Court need only consider it if the Court finds Spann has established her Title VII claims in the first place. Because this Court finds that Spann cannot make a prima facie case for any of her discrimination claims, either under Title VII or § 1981, and grants summary judgment on that basis, it does not consider whether Spann exhausted her administrative remedies with respect to the complained of conduct here.

female, who was first promoted to Package Dispatch Supervisor, and then received a second promotion to On-Road Supervisor. Spann Dep. at 77, 85–87, 98–99.

    *a. Prima Facie Case*

To establish a prima facie case for race discrimination based on a failure to promote, Spann must show that (1) she was not promoted; (2) she was qualified for the position she sought; (3) she fell within a protected class at the time of the failure to promote; and (4) UPS either gave the promotion to someone outside of that protected class or otherwise failed to promote her because of her race. *See Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013) (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)).

With respect to each of the first four promotions—the promotions of Mclaughlin, Jernigan, Hubner, as well as Swords' first promotion—Spann affirmatively stated that she did not apply for any of those positions. Spann Dep. at 77, 85, 87, 99. "When no application [is] made, a plaintiff must 'show that such an application would have been a futile gesture.'" *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999)). This "requires a showing that the applicant for the promotion was deterred by a known and consistently enforced policy of discrimination." *Id.* Spann consistently testified that she did not apply to these positions because she did not become aware of them until after they were filled, not because she was deterred by a known policy of discrimination. Spann Dep. at 77, 85, 87, 99. Accordingly, Spann has failed to establish a prima facie case that she did not receive those promotions because of her race.

It is also not clear from the record whether Spann applied for the position that was the subject of Swords' second promotion—On-Road Supervisor. *See id.* at 106–108. Because Spann does not identify evidence indicating that she ever applied to the On-Road Supervisor position which ultimately went to Swords, Spann fails to make a prima facie case with respect to that claim

as well. Because Spann cannot make a prima facie case on any her failure to promote claims, UPS is entitled to summary judgment on those claims.

*b. Non-Discriminatory Justification*

Assuming for the sake of argument that Spann could establish that she applied for the On-Road Supervisor position that ultimately went to Swords, the burden shifts to UPS to provide a legitimate non-discriminatory explanation for why it hired Swords.

In this case, UPS does so by proffering evidence that Swords was better qualified for the On-Road Supervisor because she had a college degree and prior experience driving a UPS truck. Aff. of Jeff Bloedorn [60-4] at 2; Swords Dep. [60-5] at 21. *See Patrick v. Ridge*, 394 F.3d 311, 319 (5th Cir.2004) ("[C]hoosing some other candidate because he is the best-qualified individual for the job is generally a legitimate, nondiscriminatory reason for an adverse employment action.").

*c. Pretext*

To establish that those reasons are simply a pretext for discrimination, Spann must offer countervailing evidence that they are false. *E.E.O.C. v. Louisiana Office of Cmty. Servs.*, 47 F.3d 1438, 1443 (5th Cir. 1995). She "must present evidence from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have [Swords] selected over [Spann] for the job in question." *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir.2010) (internal quotation marks and citations omitted). "The bar is high because '[u]nless the qualifications are so widely disparate that no reasonable employer would have made the same decision . . . differences in qualification are generally not probative evidence of discrimination.'" *Murchison v. Cleco Corp.*, 544 F. App'x. 556, 560 (5th Cir.2013) (quoting *Moss*, 610 F.3d at 923)

Spann does not meet that burden. Spann testified that she was more qualified than Swords because she has been working at UPS longer the Swords, that she held more responsibilities than

Swords when they worked part-time together, and that Swords would sometimes ask Spann how to perform certain job functions. Spann Dep. at 111–113. None of those reasons, however, are sufficient to establish that no reasonable employer would choose Swords over Spann for the position, especially light of Swords' education and prior driving experience. Spann must show more than the fact that she possessed better "work experience, and longer tenure with the company" than Swords. *Price*, 283 F.3d at 723. Spann does not provide any other evidence that UPS's proffered justification is false. Accordingly, Spann cannot establish UPS's proffered reason are pretextual, and therefore, summary judgment is appropriate.

### 2. Disparate Pay Claims

Spann also claims that UPS failed to provide her with pay raises that it provided other white employees. To establish a prima facie case of discrimination in compensation Spann must show that (1) she is a member of a protected class; and (2) she is paid less than a non-member of that class for work requiring the same or substantially similar responsibility. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)).

Spann, in her deposition, identified two employees she claims are similarly situated that received pay raises while she did not: Becky Swords and Beth Hill. Spann, however, admitted that she does not know what either comparator is being paid in relation to her. Spann Dep. at 137-38. Spann further admitted that it was her understanding that she was the highest paid part-time employee at the location at which she works. *Id.* at 138; Bloedorn Dep. [60-3] at 212.

Further, even assuming that either Swords or Hill were being paid at a higher rate, Spann fails to establish that either held the same or similar responsibilities as Spann did. Spann does not provide a comparison of the positions she held in relation to the comparators. Thus, there is no

7

evidence she was paid less than a white employee with similar responsibilities. Accordingly, Spann has failed to establish a prima facie case of disparate pay.

### 3. Retaliation

Spann next claims that she was retaliated against for complaining about UPS's failure to promote her and provide her with pay raises. To establish a prima facie case of employment retaliation Spann must show that: (1) she engaged in an activity protected by Title VII or § 1981; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *LeMaire v. State of Louisiana*, 480 F.3d 383 (5th Cir. 2007)

Once again, Spann fails to make her prima facie case. The Court can find only two claims made by Spann that could constitute a retaliatory adverse employment decision. First, in her complaint, Spann alleges that UPS eliminated her retirement benefits. Compl. at 3. The factual record, however, is devoid of any mention of Spann's retirement benefits, and so, Spann has no evidence to establish that that particular adverse action occurred.

Second, Spann, in her deposition, identified the failure to receive a promotion that Swords received as an adverse employment action that occurred after she complained of the discrimination. Spann Dep. at 162. Spann, however, went on to testify that she believed she was treated poorly because of her race and education level, rather than because of any protected activity she took. As she testified at her deposition:

> Q: So the premise behind retaliation, and your attorneys can give you, you know, a different perhaps, perspective on it, but generally retaliation is an action that has resulted from something that you've done that is called a protected activity.
>
> What did you do that you think led the company to treat you negatively before this was filed?
>
> A: What did I do?

8

> Q: Yeah.
>
> A: I think I was a Black qualified, educated person.
>
> Q: Okay.
>
> A: Because I was Black, and they feel as though—I was Black—I'm Black, I had the qualifications, and it was a way to belittle me . . . .
>
> Q: Anything else?
>
> A: That's all I can think of at this time.

*Id.* at 163–64. Thus, according to Spann's own statements, she believes that UPS refused to promote her and treated her negatively, not because she complained of any discrimination, but because of her race. That, however, is the same race discrimination claim which this Court has already considered and rejected. Accordingly, Spann fails to make a prima facie case of retaliation, and so, summary judgment must be granted on that claim as well.

### 4. Hostile Work Environment

Finally, Spann's complaint and response indicate that she is making a hostile work environment claim as well. To establish that a hostile work environment existed, Spann must show: (1) that she belonged to a protected class; (2) that she was subjected to unwelcome harassment; (3) the harassment was based on her race; (4) that the harassment affected a term, condition, or privilege of her employment; and (5) UPS knew or should have known of the harassment and failed to take prompt remedial action. *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007).

Harassment affects a "term, condition, or privilege of employment" when it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). The harassment must be "both

objectively and subjectively offensive." *WC&M*, 496 F.3d at 399 (citing *Harris v. Forklift Sys.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). That is, "not only must the victim perceive the environment as hostile, the conduct must also be such that a reasonable person would find it to be hostile or abusive." *Id.* To determine whether harassment is objectively hostile, the Court considers the totality of the circumstances in which the harassment occurs, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Hernandez*, 670 F.3d at 399.

As with her other claims, there is no evidence before the Court that shows Spann can establish that a hostile work environment existed. The only possible harassment the Court can find is when Spann stated in her deposition that a co-worker belittled her:

> A: Because I was Black, and they feel as though—I was Black—I'm Black, I had the qualifications, and it was a way to belittle me. And she tried to do everything to belittle me.
>
> She even tried to make it seem like I didn't know how to do my job, and I knew how to do my job. I think it was pure just hatred, because I was Black and I'm educated and I know my job. And not only do I know my job, I know her job. That's what I—I knew too much. That's what it was. That's what. I'm Black and I know too much.

Spann Dep. at 163.

The Court holds that those statements are insufficient to constitute a hostile work environment, for several reasons. First, and most importantly, Spann has not established this harassment occurred or was based upon Spann's race. She does not show that the words used themselves were racially tinged, nor does provide any evidence to suggest that the comments were motivated by or related to her race other than stating the Spann was black (and presumably that the co-worker was

10

white).[3] Absent any other evidence, Spann's belief that the comments were racially motivated is mere speculation. Second, Spann does not provide any evidence of the circumstances in which the statements were made or the severity or frequency of the statements; there is simply no evidence to determine that the statements are objectively unreasonable.

Because Spann cannot establish severe or pervasive harassment based on her race occurred, she cannot prove her hostile work environment claim, and therefore, UPS is entitled to summary judgment on those claims.

## Conclusion

The Court holds that there is no genuine issue of material fact with respect to any of Spann's discrimination claims. Because Spann does not offer any evidence that would establish any her claims, UPS is entitled to summary judgement, and therefore the motion will be granted.

An order in accordance with this opinion shall issue.

This, the 26th day of June 2018.

_____
SENIOR U.S. DISTRICT JUDGE

---

[3] The Court is unable to determine who the co-worker is from the context of the deposition as it was presented to the Court.

11