UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LORA SPANN                                                    PLAINTIFF

V.                                            Civil No. 1:16-cv-00232-GHD-DAS

UNITED PARCEL SERVICE, INC.                                  DEFENDANT

## MEMORANDUM OPINION

Now before this Court is Plaintiff Lora Spann's motion to alter or amend judgment [Doc. 70]. Having considered the matter, the Court finds the motion should be denied.

### Background

Spann sued her employer, United Parcel Service, for race discrimination after UPS did not promote her to a full-time position. UPS moved for summary judgment arguing that Spann could not establish a prima facie case of discrimination nor could Spann show that UPS's reasons for not promoting Spann were pretext.

Spann filed an entirely insufficient response to UPS's motion. As the Court previously described it, the response was "only three pages in length, contain[ed] no citations to either the either the law or the factual record, and fail[ed] to respond to hardly any" of UPS's arguments. Mem. Opinion [Doc. 65] at 3. The Court subsequently granted summary judgment in favor of UPS.

On the 28th day after the Court's order had been entered Spann filed another response to UPS's motion combined with a motion to alter or amend judgment. [Doc. 67].[1] UPS responded, and the matter is now ripe for review.

---

[1] The substance of this response was much more detailed than Spann's prior response. However, it still had no exhibits attached. Two days later, Spann refiled her motion/response, this time attaching evidentiary exhibits. [Doc. 68]. Under L.U. Civ. R. 7(b), however, motions must be filed as a separate docket entry. Thus, the Clerk of the Court directed Spann to refile motion as a separate docket entry. Spann did so. [Doc. 70].

## Rule 59(e) Standard

A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

## Analysis

Spann argues that her motion should be granted to correct a clear error or to prevent a manifest injustice. She claims that her counsel inadvertently submitted a preliminary draft of her response to UPS's motion for summary judgment rather than the final version.

An attorney's "negligent failure to present all of the available facts crucial to his case in his summary judgment declaration," is not an "extraordinary circumstance[] that would warrant relief under Rule 59(e)." *Calton v. Johnson*, 307 F. App'x 809, 811 (5th Cir. 2009); *Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.")

When a party seeks to overturn summary judgment with newly presented evidence the Court considers: "1) the reasons for the moving party's default; 2) the importance of the omitted evidence to the moving party's case; 3) whether the evidence was available to the non-movant before it responded to the summary judgment motion; and 4) the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened." *Templet*, 367 F.3d at 479 (citing *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990)).

Considering these factors, the Court finds that Spann is not entitled to relief under Rule 59. The evidence Spann cites in her motion is not newly discovered. In fact, Spann's initial response actually listed each of the exhibits. The problem with her initial response is that it did not contain any actual citations to specific evidence contained in the exhibits. Thus, the Court noted that "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment .... Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 n.7 (5th Cir. 1992) (citing *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988))." So, while the evidence now presented by Spann may be important, it was undoubtedly available at the time of her response.

Further, Spann and her counsel's reason for failure defy belief. Nothing about Spann's initial response indicates that it is a draft rather than the intended final version.[2] The timeline of events also casts doubt on Spann's claim. The initial response was filed on the 14th day after UPS made their motion for summary judgment, the last day to file a response under the local rules without seeking additional time. *See* L.U. Civ. R. 7(b)(4). UPS pointed out the insufficiency of the brief in their reply. *See* Def.'s Reply in Supp. of Mot. for Sum. J. [Doc. 63] at 2–3. Despite notice that her response was inadequate, Spann made no attempt to correct or supplement her response before this Court ruled on the motion. And after the Court ruled, she waited until 28 days after the judgment had been entered—the last possible day she could seek to amend the judgment—to present this evidence to the Court. Even if the Court were inclined to believe that Spann's counsel

---

[2] For example, the document itself refers to the date it was filed, and it contains a certificate of service.

made an honest mistake in submitting the wrong draft, their failure to do anything about it until the last possible minute moved this neglect well into the "inexcusable" territory.

## Conclusion

Spann fails to show a manifest error or newly discovered evidence that would entitle her to relief under Rule 59. Accordingly, her motion to alter or amend the Court's prior judgment is denied.

A separate order shall issue.

This the *17* day of September, 2018.

_Glen H. Davidson_
SENIOR U.S. DISTRICT JUDGE